We'll go ahead and call the first matter that's going to be argued today. That's Lara-Garcia v. Garland. Mr. Sprouls and Mr. Stanton, can you hear us? Yes, I can, Your Honor. Great, thank you. I was wondering why he was there. If it pleases the Court, Frank Sproul is appearing for the petitioner. Apart from any arguments that the government makes in their appeal, we are reviewing the BIA decision. And their decision rests on two points, and one of which is clearly, without any doubt, erroneous. And that's their idea that in the Federal First Offender Act, the state court conviction must be a perfect fit. That's not the law. It's not even close. Roldan and Lujan, which are quoted, are state court cases in which the defendants got three years probation, 90 days county jail. It has nothing to do with FOFA, which is one year probation and no jail time. The cases say specifically that what you look at would the alien have been theoretically eligible for FOFA. And that's the case here. So their first argument is clearly and unambiguously incorrect. I mean, it's odd that a distinguished body would make such an obvious error. So that's number one.  And they state that the cases cited all occurred under this different regime called the departure bar. And this occurred under the time in numericals. And they say that that's the difference, but they never tell you. Well, isn't it a difference where the statute measures the time without mentioning departure, without mentioning presence or in the United States or absence from the United States? Why doesn't that create a difference? Well, the departure bar is really not any – I mean, this is the prior law that said if you were deported and came back, you were prohibited from filing a motion to reopen. Under the current scheme, you have 90 days to file a motion to reopen. But 90 days from what, under the statute? From the order. It's 90 days from the order, under the current scheme. Right. So, I mean, this requires a little extrapolation. But, I mean, if the order of deportation was not lawfully executed, as all the departure cases say, why is it different under the 90 days? What's magical about that? Well, it's not a question of magic. It's a question of congressional intent. And there are other exceptions, but there's no exception for, you know, incorrect previous decisions or anything like that. Right. Well, this is not an incorrect decision. This is a change of the order. The criminal conviction undergirding the order has been negated. Correct. But I guess the question is, where Congress does create a couple of exceptions that do not cover this situation, why are we free to read in a new exception into this statute? Well, it's not much – you know, there was no congressional prohibition. I mean, there was nothing in the statute under the departure bar that said there was an exception for a validly vacated conviction. Yet the court said there is always equitable tolling. It's the, you know, sort of due process that if the underlying conviction is vacated, it can be reopened despite whether it's the departure bar or the 90 days. So, I mean, we're only asking for a very – But that – I guess I'm struggling with it because – Oh, my. Those cases were an attempt to define the term departure. And that simply doesn't arise when the question is what is 90 days from the date of an order, which seems pretty straightforward. I would respectfully disagree that those cases were not struggling with what's a departure. They're saying, is there an exception to the prohibition on reopening cases if the party left and came back when the conviction has been validly vacated? I mean, imagine it was a habeas in which there was a factual claim of innocence. Too bad? You can't reopen? I mean, something's wrong with that. But, again, we're not asking for much. The prior cases recognized it was a prohibition, and Congress did not write in any language that there was an exception for validly vacated convictions. Yet this court has said there is. If the underlying order was not lawfully executed, and they claim it's not lawfully executed if the underlying conviction has been vacated, then they can reopen despite the flat, clear prohibition in the statutory language. But the reasoning of the court was that the term departure did not include a departure that was effected wrongly. It was an interpretation of the word departure. And that's my problem because that word isn't in the statute that we're looking at. I just don't think the courts are struggling with the term departure, but that wasn't really the sine qua non of those cases. I mean, like Cardozo talks about not departure, but if the conviction has been vacated, the order was not lawfully executed. So, in a strange way, it's almost like it doesn't count, the departure. And that's the same thing here, that the order was not lawfully executed because the conviction undergirding the order of removal has been vacated. So there is an inherent exception to the 90 days. And I don't think it's a huge stretch to say if they could find it under the prior departure, which said it's a prohibition, yet they were able to reopen, provided the underlying conviction had been vacated. And so that's my story, and I'm sticking to it. And I'll reserve some time, but I think it's clear. Any questions? Very well, we'll reserve time. All right, Mr. Stanton. Good morning, Your Honors. My name is Timothy Stanton. Can you just hold on real quick? We could boost the audio a little bit. One second, Mr. Stanton. Sure. And at your end, maybe you could be closer to the microphone, too. I don't know if that will help. Give me a test, Mr. Stanton. You're not on the clock. Okay, testing, testing, testing. How's that? A little more if we could. One second here. From time to time, this is an old courthouse. New equipment, old courthouse. This can happen, so just hang in there. Okay. Mr. Stanton, can you try again? Testing, testing. Can you hear me loud and clear? I can. I think we'll make that work. So I would ask, Mr. Stanton, you've got to get close to the mic. And I would ask Judge Graber, can you turn that dial slightly? Oh, you want me to? Just to see what happens. Give me another one, Mr. Stanton. Testing, testing. There we go. Okay. With this one over here. It's just too loud for me. Okay. Everyone good? Judge Graber? I'm not getting blasted by the speakers. I'm in the middle, so. All right, Mr. Stanton, you have the floor. Okay, great. Thank you, Your Honors. Good morning. My name is Timothy Stanton, and I'm here today on behalf of the United States Attorney General. There are two overarching issues presented in this case. The first one is whether or not the motion to reopen and terminate proceedings was untimely. And the second issue is whether or not the court lacks jurisdiction over the board's sua sponte determination. First, turning to the first issue, timeliness. It is undisputed that the motion to reopen was filed much later than the 90 days prescribed by regulation. Instead, Petitioner tried to appeal to equitable tolling and exemptions based on Ninth Circuit case law. As we argued in our brief, the equitable tolling argument was waived by Petitioner because he does not deny or challenge the board's finding that equitable tolling is inapplicable to this case because extraordinary circumstances are not present. Nor did he demonstrate due diligence. Instead, he relies on two Ninth Circuit cases to make the argument that the time limitation is inapplicable to his case. But neither one of those cases, as the board found, applies to Petitioner's case. As they noted, Cardoza actually only discusses the jurisdictional departure bar. And then the second case, and I apologize if I end up mispronouncing this, the Wietersburg v. INS case of 1990 was issued before there was ever a 90-day limitation. On top of that, in an unpublished decision, this court has rejected this exact argument that was presented in Mendoza-Valdez v. Barr. And the citation to that is 786 Fed Appendix 120, issued in 2019. That's an unpublished memorandum disposition, is it not? It is, Your Honor. So it's not binding on us, correct? It is not binding, Your Honor, but it is directly on point. Indeed, the counsel— Well, if it's not binding, you have to convince us that it's correct. Oh, yes, Your Honor. And I definitely intend to do that. I just wanted to make you aware that this exact argument, advanced by the same Petitioner's counsel, was rejected by the Ninth Circuit in 2019. And ultimately, right, even ignoring that unpublished decision, right, those two cases are inapplicable to this case, as the Board of Immigration Appeals noted. Again, one only deals with the jurisdictional departure bar, which is not at all implicated in this case. Counsel, I'd like—your time is brief, and I'd like you to address the Lujan-Armendariz issue. If the Board made a legal error in its reasoning for denying sua sponte reopening, we do have jurisdiction to consider that legal question. And it seems to me that there is a legal error in the sense that the length of State probation appears to be irrelevant, because, actually, the Petitioners in that very case had received probation longer than a year, and yet the court held that they would have been eligible at the time of prosecution for federal first offender treatment. So why isn't that a legal error? So assuming that this is indeed a legal error rendered by the Board of Immigration Appeals, it was a harmless error, because the Board of Immigration Appeals, in denying sua sponte reopening, the first basis they gave is that there is a completely separate, valid basis of removability, and that was for receipt of stolen property that Petitioner was convicted of in California. That rises to a crime involving moral turpitude. The immigration judge made that exact finding, and you could find that exact decision in the record on AR 149. And so the Board of Immigration Appeals, in denying sua sponte reopening, points out that, even if it is correct— There's a problem with that. Castillo-Cruz held specifically that that is not a crime involving moral turpitude. Your Honor, if that is indeed the case, that is an unexhausted argument. At no point has Petitioner ever challenged that he was removable for committing a crime involving moral turpitude. Indeed, when the original removal order that was not entered, because he decided to accept voluntary departure in lieu of a removal order, he did not contest that he was removable for being convicted of a crime involving moral turpitude. So at no point has this issue been raised. And so this issue, for it to come before this Court, must go to the agency first. That must be raised by Petitioner. So going back— So wait, let me ask you. There is a mention of this in the briefing to our Court. Are you saying that it was not raised to the BIA, and that's the problem, or that it was not raised here? It was not raised before the BIA. It was not raised before the immigration judges. At any point, you can go through and comb this record like I have, and you will not find that he ever denied that he was removable for committing a crime involving moral turpitude. And that is the basis upon which the Board gave in denying sua sponte reopening. So even if the Lugin analysis is indeed incorrect, which the government does not concede, it was a harmless error. And indeed, the Board, in rendering this finding, notes that it was in the alternative. Their original finding that he was removable for a completely separate basis guarantees that if his case was reopened, the outcome would be no different. And he mentions this in his argument that there wasn't a legally valid executed order of removal. He's never contested that. I mean, he was removed on that in 2008. He voluntarily agreed to leave the United States and not come back, although he did do that, of course, which is why we're here today. But ultimately, the issue of whether or not he was convicted of a crime involving moral turpitude is not properly before this Court. So ultimately, when you step back and look at this case, his motion to reopen was untimely, and the Board's sua sponte determination is beyond the Court's jurisdiction because they did not commit a legal or constitutional error in concluding that reopening was unwarranted because no matter what, he is still removable based on a different ground. If there are no other questions, I will wrap up. Go ahead. All right. So, Your Honors, this petition for review should be denied because the motion to reopen to terminate proceedings was indeed untimely, and the Court lacks jurisdiction to review the Court's sua sponte determination because a legal nor a constitutional error was committed in the rendering of that determination. So for these reasons and those discussed in our brief, we request that the petition for review be denied. All right. Thank you, Counsel. Very briefly, I'd like to thank Government Counsel for bringing up my case that was denied in the unpublished case that you cited. Very briefly. Counsel, can you begin with the moral turpitude question in the record, what we have in the record on this? Two things. There was never a specific finding of moral turpitude. The judge granted voluntary departure, so this gentleman was not removed based on a judicial finding that it's a crime of moral turpitude. Both of the cases I cited in the brief state that it's not categorically a crime of moral turpitude. Now, this could be the subject of a different motion, but I think prior counsel did not very well serve his client. I mean, at the time of the order, the controlled substance case was on direct appeal, and he had two convictions that were not categorically crimes of moral turpitude, and the burden is on the government to cure the disability statute, and he never did it. So, I mean, the idea that there was a specific finding of removability based on a crime of moral turpitude never happened, right? I mean, the BIA never talks about it. They just reference the crime, but there was never a finding, so I don't think it's the lack of exhaustion, and the fact that we brought it up in our brief was just simply to point out that that undercuts their harmless error argument. If this case were remanded, he would be able to move to terminate. That would be my argument. The idea that we didn't make an argument regarding equitable tolling, I mean, I equitably tolled all over the place. It's in my motion. It's in the BIA brief, and it's on page 16 and 17 of the brief here. So, you know, our idea of equitable tolling is that there has to be a due process exception for an order of removal based on a vacated conviction. There's something morally asymmetrical about that, right? You were ordered removed, and your conviction that was undergirding the case, let's face it, that was the key part of the case, has been vacated, and again, this court found exceptions under the prior statute, and there's no reason that I can see that there couldn't be the same exception under the time of numericals. So, counsel, let me ask you a procedural question. If we were to agree with you that the motion for reopening should have been granted, what happens in this case? What do you do? Well, it would go back to the immigration judge, and I think the first thing procedurally I would do is I would move to terminate. I would say that the controlled substance case is gone, and we have two other matters that are not categorically crimes of moral turpitude. When you're a resident, the burden is on the government to cure that, and given these, you know, kind of rinky-dink state courts, there's not going to be anything in there. I mean, so I think we would actually prevail. He has subsequently married a citizen, and she's filed a petition, so he would be eligible to readjust. I mean, if we were back before the IJ, I'd be very happy because I think we have many options. And with that, I'll slink out of here. Thank you. All right, thank you, counsel. Thank you both for your briefing and argument in this case. This matter is submitted.
judges: GRABER, OWENS, Baker